IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE BILYEU,<br>615 Woodland Drive<br>Pottstown, PA 19464 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. |
| PHOENIXVILLE HOSPITAL COMPANY, LLC<br>d/b/a PHOENIXVILLE HOSPITAL,<br>140 Nutt Road<br>Phoenixville, PA 19460 | : | |
| | : | |
| JACEK Z. OBARA, M.D.<br>11 Robinson Street, Suite 100<br>Pottstown, PA 19464 | : | |
| | : | |
| WALEED SHALABY, M.D.<br>1100 N. Grant Avenue, Suite 206<br>Wilmington, DE 19805 | : | |
| | : | |
| GYNECOLOGY ASSOCIATES OF<br>PHOENIXVILLE<br>824 Main Street, Suite 206<br>Phoenixville, PA 19460 | : | |
| | : | |
| WILLIAM HAUG, III, D.O.<br>11 Robinson Street, Suite 100<br>Pottstown, PA 19464 | : | |
| | : | |
| COMMUNITY HEALTH AND<br>DENTAL CARE, INC.<br>11 Robinson Street, Suite 100<br>Pottstown, PA 19464 | : | |
| | : | |
| POTTSTOWN HOSPITAL COMPANY, LLC<br>d/b/a POTTSTOWN MEMORIAL<br>MEDICAL CENTER<br>1600 E. High Street<br>Pottstown, PA 19464 | : | |
| | : | |
| TAMARA COOK, PA-C<br>1600 E. High Street<br>Pottstown, PA 19464 | : | |
| | : | |
| LORI LORANT-TOBIAS, D.O.<br>1600 E. High Street<br>Pottstown, PA 19464 | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Under 42 U.S.C. § 233, the United States of America, on behalf of federal defendants, Jacek Z. Obara, M.D., William Haug III, D.O., and Community Health and Dental Care, Inc., files this notice of removal of this consolidated action to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers as follows:

1.      On August 26, 2016, plaintiff commenced this action by filing a praecipe for summons in the Montgomery County, Pennsylvania Court of Common Pleas, naming as defendants: Waleed Shalaby, Gynecology Associates of Phoenixville, William Haug III, Community Health and Dental Care, Inc., Pottstown Hospital Company, LLC, Tamara Cook, and Lori Lorant-Tobias. Plaintiff subsequently filed a complaint on October 24, 2016. *See* Complaint in Case No. 2016-20840 (Exhibit 1).

2.      On October 26, 2016, plaintiff filed a second action in the Montgomery County, Pennsylvania Court of Common Pleas, which encompassed virtually the same allegations as the first action, but named two additional defendants: Phoenixville Hospital Company, LLC, and Jacek Z. Obara. Plaintiff subsequently filed a complaint on January 11, 2017, and an amended complaint on February 16, 2017. *See* Amended Complaint in Case No. 2016-25875 (Exhibit 2).

3.      On March 10 and 29, 2017, the Court of Common Pleas consolidated the two actions under Case No. 2016-25875 for purposes of discovery and trial. *See* Orders Consolidating Cases (Exhibit 3).

4.      Among others, the consolidated action names as defendants Community Health and Dental Care, Inc., William Haug III, and Jacek Z. Obara.

5.      By operation of the Federally Supported Health Centers Act, 42 U.S.C. § 233(c), Community Health and Dental Care, Inc., William Haug III, and Jacek Z. Obara, are deemed federal employees or agencies of the United States, and covered

2

by the Federal Tort Claims Act, which provides the exclusive remedy for state-law tort actions brought against individuals or entities deemed to be federal employees acting within the scope of their employment. *See* 42 U.S.C. §§ 233(a), 233(g).

6.  Actions brought under the Federal Tort Claims Act may only be brought in federal district court. *See* 28 U.S.C. § 1346. Therefore, this action must be removed to federal district court.

7.  No bond is required as this notice is filed by the United States. *See* 42 U.S.C. § 233(c).

8.  A certified copy of this Notice of Removal will be filed in the Prothonotary's Office of the Court of Common Pleas of Montgomery County, Pennsylvania, and sent to all parties.

9.  Removal is timely under 42 U.S.C. § 233(c), which provides that a civil action of this nature may be removed at any time before trial.

WHEREFORE, the United States respectfully submits this notice of removal of this action.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney

*Susan R. Becker for MLH*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

MARK J. SHERER
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8445
Fax: (215) 861-8618
mark.sherer@usdoj.gov

Dated: __31 MARCH 2017__

3

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Notice of Removal with the Court

and served a copy by U.S. Mail, postage prepaid, on the following:

James J. McCarthy, Esquire
MCCARTHY & MCCARTHY, P.C.
10 East Sixth Ave, Suite 315
Conshohocken, PA 19428

*Counsel for Plaintiff*

Michael E. McGilvery, Esquire
YOUNG & MCGILVERY, P.C.
2011 Renaissance Blvd., Suite 200
King of Prussia, PA 19406

*Counsel for Waleed Shalaby, M.D.*

Edward J. Stolarski, Jr.
MCCUMBER, DANIELS,
BUNTZ, HARTIG & PUIG, P.A.
800 Adams Avenue, Suite 110
Eagleville, PA 19403

*Counsel for Phoenixville Hospital
Company LLC*

Donald N. Camhi, Esquire
POST & SCHELL, P.C.
Four Penn Center – 13th Floor
1600 JFK Blvd.
Philadelphia, PA 19103

*Counsel for Lori Lorant-Tobias, D.O.
and Tamara Cook, PA-C*

Howard S. Stevens, Esquire
GROSS MCGINLEY, LLP
P.O. Box 4060
Allentown, PA 18104-4060

*Counsel for Pottstown Hospital
Company, LLC*

Gynecology Associates of Phoenixville
824 Main St., Suite 206
Phoenixville, PA 19460

Dated: 31 MARCH 2017

MARK J. SHERER
Assistant United States Attorney

# Exhibit 1

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

McCARTHY & McCARTHY, P.C.                              21,045
BY:  James J. McCarthy, Esquire
Identification No. 68891
10 East Sixth Avenue, Suite 315        Attorney for Plaintiff,
CONSHOHOCKEN, PA  19428                 Michelle Bilyeu

| | | |
|---|---|---|
| MICHELLE BILYEU<br>615 Woodland Drive<br>Pottstown, PA 19464 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY |
| v. | : <br> : | No. 2016-20840 |
| WALEED SHALABY, M.D.<br>1100 N. Grant Avenue, Suite 206<br>Wilmington, DE 19805            and | ; <br> : <br> : <br> : | |
| GYNECOLOGY ASSOCIATES OF<br>PHOENIXVILLE<br>824 Main Street, Suite 206<br>Phoenixville, PA 19460          and | : <br> : <br> ; <br> : | |
| WILLIAM HAUG, III, D.O.<br>11 Robinson Street, Suite 100<br>Pottstown, PA 19464            and | : <br> : <br> : | |
| COMMUNITY HEALTH AND DENTAL CARE,<br>INC.<br>11 Robinson Street, Suite 100<br>Pottstown, PA 19464            and | : <br> : <br> : <br> : | |
| POTTSTOWN HOSPITAL COMPANY, LLC.<br>d/b/a POTTSTOWN MEMORIAL MEDICAL<br>CENTER<br>1600 E. High Street<br>Pottstown, PA 19464            and | : <br> : <br> : <br> : <br> : | |
| TAMARA COOK, PA-C<br>1600 E. High Street<br>Pottstown, PA 19464            and | : <br> : <br> : | |
| LORI LORANT-TOBIAS, D.O.<br>1600 E. High Street<br>Pottstown, PA 19464 | ; <br> : <br> : | MAJOR JURY TRIAL<br>TWELVE JURORS DEMANDED |

# NOTICE TO DEFEND - CIVIL

1

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed or any other claim or relief requested by the Plaintiff.  You may lose money or property rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Reference Service
Montgomery County Bar Association
100 West Airy Street (REAR)
Norristown, PA 19401
(610) 279-9660, Extension 201

McCARTHY & McCARTHY, P.C.                          21,045
BY:  James J. McCarthy, Esquire
Identification No. 68891
10 East Sixth Avenue, Suite 315          Attorney for Plaintiff,
CONSHOHOCKEN, PA  19428                   Michelle Bilyeu

| | | |
|---|---|---|
| MICHELLE BILYEU | : | COURT OF COMMON PLEAS |
| 615 Woodland Drive | : | MONTGOMERY COUNTY |
| Pottstown, PA 19464 | : | |
| | : | |
| v. | : | No. 2016-20840 |
| | : | |
| WALEED SHALABY, M.D. | : | |
| 1100 N. Grant Avenue, Suite 206 | : | |
| Wilmington, DE 19805        and | : | |
| | : | |
| GYNECOLOGY ASSOCIATES OF | : | |
| PHOENIXVILLE | : | |
| 824 Main Street, Suite 206 | : | |
| Phoenixville, PA 19460       and | : | |
| | : | |
| WILLIAM HAUG, III, D.O. | : | |
| 11 Robinson Street, Suite 100 | : | |
| Pottstown, PA 19464        and | : | |
| | : | |
| COMMUNITY HEALTH AND DENTAL CARE, | : | |
| INC. | : | |
| 11 Robinson Street, Suite 100 | : | |
| Pottstown, PA 19464        and | : | |
| | : | |
| POTTSTOWN HOSPITAL COMPANY, LLC. | : | |
| d/b/a POTTSTOWN MEMORIAL MEDICAL | : | |
| CENTER | : | |
| 1600 E. High Street | : | |
| Pottstown, PA 19464        and | : | |
| | : | |
| TAMARA COOK, PA-C | : | |
| 1600 E. High Street | : | |
| Pottstown, PA 19464        and | : | |
| | : | |
| LORI LORANT-TOBIAS, D.O. | : | |
| 1600 E. High Street | : | MAJOR JURY TRIAL |
| Pottstown, PA 19464 | : | TWELVE JURORS DEMANDED |

## CIVIL ACTION - MEDICAL PROFESSIONAL LIABILITY ACTION

1

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

1.    The Plaintiff, Michelle Bilyeu (also referred to as "Ms. Bilyeu" or "Michelle"), is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing at 615 Woodland Drive, Pottstown, Pennsylvania 19464.

2.    The Defendant, Waleed Shalaby, M.D. (also referred to as "Dr. Shalaby") was at all times relevant hereto, a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, specializing in gynecological surgery, with professional offices located at 824 Main Street, Suite 206, Phoenixville, Pennsylvania.  Based upon information and belief, the Defendant currently has an office located at 1100 Winter Street, Waltham, Massacheusetts.  The Plaintiff is making a professional liability claim against this Defendant.

3.    The Defendant, Gynecology Associates of Phoenixville (also referred to as "Gynecology Associates"), is a partnership, corporation and/or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania, and at all times relevant hereto owned, controlled and/or had the right to control its agents, subsidiaries, servants and/or employees, including but not limited to Waleed Shalaby, M.D. and therefore has legal liability and responsibility under the laws of the Commonwealth of Pennsylvania.  Gynecology Associates of Phoenixville, regularly conducts business at 824 Main Street, Suite 206, Phoenixville, Pennsylvania 19460.  The Plaintiff is

2

making a professional liability claim against this Defendant.

4.    The Defendant, Community Health and Dental Care, Inc. (also referred to as "Health and Dental") is a partnership, corporation and/or other legal entity organized and existing under the laws of the Commonwealth of Pennsylvania, and at all times relevant hereto owned, controlled and/or had the right to control its agents, subsidiaries, servants and/or employees, including but not limited to William Haug, III, D.O. and Jacek Obara, M.D., and therefore has legal liability and responsibility under the laws of the Commonwealth of Pennsylvania.  Community Health and Dental Care, Inc. has its principal place of business in the City of Pottstown in the Commonwealth of Pennsylvania and regularly conducts business at 11 Robinson Street, Suite 100, Pottstown, Pennsylvania 19464. The Plaintiff is making a professional liability claim against this Defendant.

5.    The Defendant, William Haug, III, D.O. (also referred to as "Dr. Haug"), was at all times relevant hereto, a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, specializing in gynecological surgery, with professional offices located at 11 Robinson Street, Suite 100, Pottstown, Pennsylvania 19464.  The Plaintiff is making a professional liability claim against this Defendant.

6.    The Defendant, Pottstown Hospital Company, LLC d/b/a

3

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Pottstown Memorial Medical Center (also referred to as
"Pottstown Memorial Medical Center"), is a partnership,
corporation and/or other legal entity organized and existing
under the laws of the Commonwealth of Pennsylvania, and at all
times relevant hereto owned, controlled and/or had the right to
control its agents, subsidiaries, servants and/or employees,
including but not limited to Tamara Cook, PA-C and Lori Lorant-
Tobias, D.O. and therefore has legal liability and
responsibility under the laws of the Commonwealth of
Pennsylvania. Pottstown Memorial Medical Center, regularly
conducts business at 1600 E. High Street, Pottstown,
Pennsylvania 19464. The Plaintiff is making a professional
liability claim against this Defendant.

7.  The Defendant, Tamara Cook, PA-C, (also referred to as
"Ms. Cook") was at all times relevant hereto, a duly licensed
Physician's Assistant in the Commonwealth of Pennsylvania, with
professional offices located at 1600 E. High Street, Pottstown,
Pennsylvania 19464. Ms. Cook was the actual and/or apparent
agent of Pottstown Memorial Medical Center. The Plaintiff is
making a professional liability claim against this Defendant.

8.  The Defendant, Lori Lorant-Tobias, D.O. (also referred
to as "Dr. Lorant-Tobias") was at all times relevant hereto, a
physician duly licensed to practice medicine in the Commonwealth
of Pennsylvania, specializing in emergency medicine, with

4

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

professional offices located at 1600 E. High Street, Pottstown, Pennsylvania 19464.    Dr. Lorant-Tobias was the actual or apparent agent of the Defendant, Pottstown Memorial Medical Center.  The Plaintiff is making a professional liability claim against this Defendant.

9.    The Defendants accepted the responsibility of providing appropriate and adequate medical care to Plaintiff, Michelle Bilyeu, in accordance with the prevailing standard of medical practice for their particular field of expertise and/or training.

10.    At all times material hereto, there existed a physician-patient relationship between the Defendants and the Plaintiff, Michelle Bilyeu, which created a duty of care.

11.    At all times relevant hereto, Dr. Shalaby was a shareholder, partner, agent, ostensible or otherwise, servant and/or employee of the Defendant, Gynecology Associates of Phoenixville.

12.    At all times relevant hereto, the Defendant, Gynecology Associates of Phoenixville was vicariously liable for the negligent acts and omissions of their employees, agents, ostensible or otherwise, servants, shareholders and/or subsidiaries or the employees, agents, ostensible or otherwise, servants or shareholders of the their subsidiaries including but not limited to Waleed Shalaby, M.D.

5

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

13.    At all times relevant hereto, the Defendant, Community
Health and Dental, Inc. was vicariously liable for the negligent
acts and omissions of its employees, agents, ostensible or
otherwise, servants, shareholders and/or subsidiaries or the
employees, agents, ostensible or otherwise, servants or
shareholders of its subsidiaries, including but not limited to
William Haug, M.D. and Jacek Obara, M.D..

14.    At all times relevant hereto, the Defendant, Pottstown
Hospital Company, LLC, d/b/a Pottstown Memorial Medical Center
was vicariously liable for the negligent acts and omissions of
its employees, agents, ostensible or otherwise, servants,
shareholders and/or subsidiaries or the employees, agents,
ostensible or otherwise, servants or shareholders of its
subsidiaries, including Dr. Lorant-Tobias and Ms. Cook.

15.    At all times while the Plaintiff was in the operating
room and in preparation for surgery on October 27, 2014, Dr.
Shalaby was the "Captain of the Ship" and was responsible for
the patient's wellbeing and any negligence committed by the
staff in the operating room.

16.    At all times relevant hereto, Defendants, Pottstown
Memorial Medical Center and Gynecology Associates of
Phoenixville, had legal liability and responsibility pursuant to
the decision of the Supreme Court of Pennsylvania in Thompson v.
Nason, 527 Pa. 330, 591 A.2d 703 (1991) and specifically has

6

legal liability and responsibility for the negligence and the failure to act in accordance with its nondelegable corporate duties to all patients, including Michelle Bilyeu, including:

    a.   A duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

    b.   A duty to select and retain only competent physicians, nurses and others;

    c.   A duty to oversee all persons who practice medicine and health care within its walls and as to patient care; and

    d.   A duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients.

17.   On September 25, 2014, Michelle Bilyeu was seen by the Defendant, Waleed Shalaby, M.D., for a consultation concerning atypical endometrial hyperplasia.  Michelle had a surgical history which included tubal ligation, gastric bypass and right salpingectomy.  Dr. Shalaby recommended a hysterectomy.

18.   On October 27, 2014, the Defendant, Waleed Shalaby, M.D. attempted a robotic assisted laparoscopic hysterectomy upon Michelle Bilyeu.

19.   The Defendant, Waleed Shalaby, M.D., removed the uterus and cervix through the vagina.

20.   The Defendant, Waleed Shalaby, M.D., used stitches of Vicryl to close the vaginal cuff.  Dr. Shalaby failed to identify the left ureter when suturing causing an obstruction of the left ureter.

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

21.   Post-operatively, Michelle had pain.   Michelle was prescribed hydromorphine, a pain medication.

22.   On November 4, 2014, Michele was prescribed hydrocodone for pain.

23.   On November 19, 2014, Michelle was seen by a hematologist.   The hematologist reported pain and an ache in the lower abdomen.   Michelle told the hematologist she had pain in her sides, pain in the abdomen, pressure in the abdomen, felt worse than before the hysterectomy and she was having problems urinating.   The hematologist told Michelle to go to see Dr. Haug.

24.   On November 21, 2014, Michele was seen by her family physician, Dr. Haug.   Michelle reported pain and pressure in her lower abdomen, pain in her sides, felt worse than before the hysterectomy and was having problems urinating.   Michele was complaining of discomfort from hysterectomy.   Michelle was prescribed oxycodone for pain.

25.   On December 4, 2014, Michelle was seen by Dr. Shalaby. Dr. Shalaby failed to recognize a problem with her damaged ureter.   Michelle complained of pain in her abdomen, pain in her sides, bloating, and pain and difficulty when urinating.   The Defendant, Waleed Shalaby, M.D. did not order any tests or make any treatment recommendations or consultations regarding the injured left ureter.   Thereafter, Waleed Shalaby, M.D.

8

discharged the Plaintiff and was unavailable to provide any follow-up observations and care and treatment for the Plaintiff. Dr. Shalaby diagnosed a yeast infection and prescribed sulfamethoxazole.

26.    On December 15, 2014, Michele returned to see Dr. Haug.  Michele continued to complain of back pain, pain on both sides, pain and pressure in her lower abdomen and difficulty while urinating.  Dr. Haug refilled the prescription for oxycodone.

27.    On December 29, 2014, Michele returned to see Dr. Haug.  Michele complained of continued back and side pain, and pain and pressure in her abdomen which was getting worse.  Dr. Haug refilled the prescription for oxycodone.  Michelle continued to complain of difficulty urinating.

28.    On January 5, 2015, Michelle went to the Emergency Department at Pottstown Memorial Medical Center.  Michelle reported continued pain since the hysterectomy.  Michelle complained of pain on her sides, pain and pressure in her abdomen and difficulty urinating.  Michelle was diagnosed with the flu and a UTI.  The providers failed to consider an injury from the hysterectomy was causing the Plaintiff's condition.

29.    At Pottstown Memorial Medical Center, the Plaintiff had a blood test done which indicated a problem with her kidney. The Defendants failed to provide any treatment or referrals

9

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

concerning her injured left ureter.  Rather, Ms. Cook prescribed Ciprofloxacin and oxycodone for pain.

30.   On January 7, 2015, Michelle was seen by a family physician at the Defendant, Community Health and Dental, Inc. Once again, the Plaintiff's complaints of abdominal pain and flank pain were treated only with more pain medication. Michelle was given a prescription for Levofloxacin.

31.   On January 20, 2015, Michelle was referred to a urologist.  The urologist immediately sent Michelle to the Defendant, Pottstown Memorial Medical Center to be admitted.

32.   On January 20, 2015, Michelle continued to have flank pain and was admitted for pyelonephritis.  A CT Scan indicated left hydronephrosis and hydroureter.  A possible left distal ureteral stricture was considered as the cause.

33.   On January 20, 2015, a left uteroscopy was done. Michelle had a high grade ureteral obstruction consistent with an extrinsic suture tenting and obstructing the ureter.

34.   On January 21, 2015, an attempt to place a stent in the left ureter was difficult due to the extrinsic suture. During the attempt, the ureter was perforated.  A second attempt was successful.

35.   On February 18, 2015, Michelle underwent a left nephrostomy tube placement.

36.   On April 21, 2015, Michelle underwent left ureteral reconstruction surgery.

37.   The left ureteral obstruction caused a significant loss of the function of the left kidney.

38.   The left ureteral obstruction caused significant bladder pain; among other things.

39.   Michelle has continued to treat with a nephrologist for pain and discomfort in her abdomen.

40.   Ms. Bilyeu continues to receive treatment for her abdominal pain and likely will undergo additional treatment, including surgery, to alleviate her pain.

41.   As a direct result of the negligence and carelessness of the Defendants, the Plaintiff, Michelle Bilyeu, has suffered an increased risk of harm, including the risk of losing her left kidney, decreased kidney function, and interstitial cystitis.

42.   The Defendants failed to appropriately diagnose and timely treat Plaintiff's condition which was being caused by a suture involving the left ureter.

43.   As a direct result of the negligence and carelessness of the Defendants, as stated more fully herein, Plaintiff sustained permanent injuries, including an obstructed ureter, decreased kidney function, hydronephrosis, hydroureter, and interstitial cystitis which has required Plaintiff to undergo additional surgical procedures, medical care and treatment.

11

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

44. As a result of the negligence and carelessness of the Defendants as set forth more fully herein, the Plaintiff, Michelle Bilyeu, will be obliged to expend various sums of money for medical care and treatment in an effort to treat and/or cure her injuries suffered, all to her continued detriment and loss.

45. The injuries and damages sustained by the Plaintiff resulted solely from the negligence and carelessness of the Defendants, individually, jointly and severally as set forth herein, and was not in any manner the result of any act or failure to act by the Plaintiff.

46. As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff, Michelle Bilyeu, has sustained permanent physical injuries causing pain, fear and anxiety and a loss of life's pleasures.

47. As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff, Michelle Bilyeu, has sustained numerous past and future medical expenses, diminished earning capacity, as well as lost income.

48. As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff, Michelle Bilyeu, has and for the rest of her life, will experience great bodily pain and suffering, as well as bodily disfigurement and scarring.

49. As a result of the liability imposing conduct of the

12

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Defendants as more fully set forth herein, the Plaintiff,
Michelle Bilyeu, has suffered and forever in the future will
suffer, great mental, emotional and psychological injuries.

50.  As a result of the liability imposing conduct of the
Defendants as more fully set forth herein, the Plaintiff,
Michelle Bilyeu, has suffered and continues to suffer from
depression and it is expected that she will experience
depression, torment and emotional upset, indefinitely into the
future.

51.  As a result of the liability imposing conduct of the
Defendants as more fully set forth herein, the Plaintiff,
Michelle Bilyeu, has and will in the future suffer a loss of
earnings and/or earning potential, decreased economic horizons,
restriction in her ability to function, and related economic
injuries.

52.  As a result of the liability imposing conduct of the
Defendants as more fully set forth herein, the Plaintiff,
Michelle Bilyeu, has and will in the future incur large medical
and related expenses for ongoing care and treatment of her
injuries.

53.  As a result of the liability imposing conduct of the
Defendants as more fully set forth herein, the Plaintiff,
Michelle Bilyeu, has suffered a loss of enjoyment of life and
life's pleasures, inability to perform her daily habits and

13

pursuits, inconvenience, the need to undergo medical procedures and evaluations regularly and frequently, and major modifications of all aspects of her life, hopes and dreams.

**COUNT I**
**MICHELLE BILYEU v. WALEED SHALABY, M.D.**

54.  Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through fifty-three (53) of the foregoing as if fully set forth herein.

55.  While Plaintiff, Michelle Bilyeu, was under the care, custody and control of the Defendant, Waleed Shalaby, M.D., the Defendant, Waleed Shalaby, M.D., acted negligently, carelessly and unskillfully in disregard for the health, safety and general welfare of the Plaintiff, Michelle Bilyeu, in the following respects:

a.  Placing a stitch around the left ureter while performing a hysterectomy;

b.  Failing to perform an adequate hysterectomy upon Ms. Bilyeu which caused hydronephrosis and loss of kidney function;

c.  Failing to properly diagnose Plaintiff's condition and disease, particularly after a suture was placed outside of the uterine cavity;

d.  Failing to perform a cystoscopy or other diagnostic tests based upon the clinical signs and symptoms;

e.  Failing to perform appropriate and recommended preoperative and intraoperative examinations;

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

f.   Failing to recommend appropriate care and
     treatment, including appropriate surgical
     procedures;

g.   Failing to perform testing to diagnose the
     injured ureter such as cystoscopy, CT Scan, blood
     tests, and/or urinalysis;

h.   Failing to properly diagnose and treat
     Plaintiff's postoperative condition and ignoring
     the complaints of the Plaintiff allowing the
     Plaintiff to suffer from an iatrogenic injury to
     her left ureter causing more and extensive damage
     to Plaintiff's bladder and kidney;

i.   Failing to properly and appropriately recommend
     and treat Plaintiff's postoperative condition and
     obstruction by either performing surgery or
     recommending a surgical consult;

j.   Failing to offer any recommendations, care and
     treatment after surgery regarding the injured
     left ureter;

k.   Causing the inordinate delay of the diagnosis of
     Michelle Bilyeu's postoperative condition, during
     which period of delay, the condition worsened
     with concomitant loss of chance of cure and an
     increase in the risk of harm and morbidity;

l.   Failing to appropriately monitor the Plaintiff's
     post-operative condition to detect surgical
     complications in a timely manner;

m.   Failing to recognize, diagnose, appreciate and
     treat Plaintiff's injuries and damages to her
     left ureter which was caused by the inappropriate
     surgical technique used by the Defendant;

n.   Failing to recognize, diagnose and appreciate the
     extent of the damage caused by the Defendant's
     inappropriate and poorly performed surgery
     causing an increase in harm and morbidity by
     allowing urine to collect in the left kidney and
     distal left ureter;

o.   Failing to perform or recommend any diagnostic

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

tests or blood studies to diagnose Plaintiff's damaged left ureter;

p.   Failing to personally keep informed of current medical and scientific recommendations and requirements, scientific diagnostic tests, and studies and medical literature concerning diagnosis and treatment for patients with an obstructed or damaged ureter;

q.   Failing to timely diagnose and properly refer the Plaintiff to the appropriate medical specialist, including a urologist, based upon the past surgical history and post-surgical complaints including abdominal pain, bloating, pain on the sides and difficulty urinating;

r.   Failing to properly and appropriately perform robotic laparoscopic surgery on the Plaintiff which resulted in an obstructed left ureter;

s.   Failing to properly perform the robotic laparoscopic surgery and failed to visualize the left ureter;

t.   Causing the Plaintiff left hydronephrosis;

u.   Causing the Plaintiff an obstructed left ureter;

v.   Failing to request a surgical consult intra-operatively when the Defendant knew or should have known that extensive damage had occurred to the Plaintiff's left ureter;

w.   Failing to appropriately supervise and monitor the surgical staff intra-operatively to assure that damage was not being caused to the Plaintiff's internal structures including the left ureter and that any damage would be detected and repaired;

x.   Failing to appropriately supervise and monitor the providers treating the Plaintiff post-operatively so that complications and injuries would be detected;

y.   Failing to observe, examine and treat the

16

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Plaintiff by failing to identify the anatomy and by injuring the left ureter during surgery and failing to repair and/or make appropriate consultations to repair the damage which resulted in increased morbidity;

z.   Failing to observe, examine and treat the Plaintiff by recommending robotic laparoscopic surgery that increased the risk of injury to the Plaintiff's internal organs, a risk actually suffered by the Plaintiff;

aa.  Failing to observe, examine and treat the Plaintiff by failing to note the extensive damage to the ureter and delaying the institution of modalities to repair and prevent further damage to the Plaintiff, including her left kidney and bladder;

bb.  Causing the Plaintiff to require additional surgery to correct the postoperative condition in which the Defendant left the Plaintiff;

cc.  Performing laparoscopy when the Defendant knew or should have known the harm he was causing;

dd.  Failing to correct the obstructed ureter and prematurely discharging the patient from his care;

ee.  Injuring the left ureter and other vital structures while performing laparoscopic surgery;

ff.  Failing to recognize the injured ureter intra-operatively and postoperatively in a timely manner and misdiagnosing her condition as a yeast infection;

gg.  Failing to recognize the clinical signs and symptoms of an injured ureter during the post-operative visit on December 4, 2014;

hh.  Failing to properly diagnose Plaintiff's condition on December 4, 2014, including the misdiagnosis of her condition as a yeast infection; and

17

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

    ii.  Failing to give the patient the proper instructions on how and when to follow-up for her continued complaints of pain.

56. The injuries and damages sustained by the Plaintiff, Michelle Bilyeu, as set forth herein, were a proximate and reasonably foreseeable result of the aforesaid negligence, carelessness and unskillfulness of the Defendant, Waleed Shalaby, M.D., individually, jointly and severally.

57. As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff, Michelle Bilyeu, has and for the rest of her life, will experience great bodily pain and suffering, as well as bodily disfigurement and scarring.

58. As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff, Michelle Bilyeu, has suffered and forever in the future will suffer, great mental, emotional and psychological injuries, a loss of enjoyment of life and life's pleasures, inability to perform her daily habits and pursuits, inconvenience, the need to undergo medical procedures and evaluations regularly and frequently, and major modifications of all aspects of her life, hopes and dreams.

59. As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff,

18

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Michelle Bilyeu, has suffered and continues to suffer from depression and it is expected that she will experience depression, torment and emotional upset, indefinitely into the future.

60.   As a result of the liability imposing conduct of the Defendants as more fully set forth herein, the Plaintiff, Michelle Bilyeu, has and will in the future incur large medical and related expenses for ongoing care and treatment of her injuries, and will in the future suffer a loss of earnings and/or earning potential, decreased economic horizons, restriction in her ability to function, and related economic injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly, severally and independently, for damages due to their individual and combined negligence and carelessness in an amount in excess of Fifty thousand dollars ($50,000.00), plus costs, interest and whatever damages this Honorable Court deems just.

## COUNT II
### MICHELLE BILYEU v. GYNECOLOGY ASSOCIATES OF PHOENIXVILLE

61.   Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through sixty (60) of the foregoing as if fully set forth herein.

62.   The negligence and carelessness of the Defendant,

19

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Gynecology Associates of Phoenixville, is direct and vicarious and is based upon principles of corporate negligence and other liability and consists of one or more of the following:

a.   Failing to adopt, implement and enforce policies and procedures to prevent and recognize ureteral injuries;

b.   Failing to adopt, implement and enforce policies and procedures to ensure proper and appropriate postoperative monitoring of patients was being performed to identify ureteral injuries and postoperative complications;

c.   Failing to adopt and establish quality control and quality control policies, procedures and guidelines for surgical patients to increase the likelihood of success of the proposed surgeries;

d.   Failing to require adequate medical histories to be taken including but not limited to the past medical treatment and surgical procedures undergone by a patient to determine whether a patient was a candidate for laparoscopic surgery;

e.   Failing to adequately screen its agents, employees and/or sub-contractors to ensure that they were properly trained to provide the medical care and treatment provided to its patients;

f.   Failing to properly oversee and supervise its surgeons when recommending surgical modalities such as laparoscopic hysterectomy;

g.   Failing to make sure that its surgeons were properly trained and informed to recommend and perform robotic laparoscopic hysterectomy;

h.   Failing to properly oversee its agents and employees when monitoring patients post-operatively to ensure that complications were being recognized and treated;

i.   Failing to have adequately trained consultants for its patients; and

20

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

j.    Failing to have adequate surgical staff to attend
      to its patients.

63. The injuries and damages sustained by the Plaintiff, as set forth herein, were the proximate and reasonably foreseeable result of the aforesaid negligence and carelessness of the Defendant, Gynecology Associates of Phoenixville, individually, jointly and severally.

WHEREFORE, the Plaintiff demands judgment against the Defendants, independently, jointly and severally for damages due to their individual and combined negligence and carelessness in an amount in excess of Fifty thousand dollars ($50,000.00), plus costs, interest and whatever damages this Honorable Court deems just.

## COUNT III
### MICHELLE BILYEU v. WILLIAM HAUG, III, D.O.

64.   Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through sixty-three (63) of the foregoing as if fully set forth herein.

65.   The Defendant, William Haug, III, D.O., was the employee, agent, ostensible or otherwise, contractor or principal of the Defendant, Community Health and Dental, Inc.

66.   While Plaintiff, Michelle Bilyeu, was under the care, custody and control of the Defendant, William Haug, III, D.O., the Defendant, William Haug, III, D.O., acted negligently, carelessly and unskillfully in disregard for the health, safety

21

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

and general welfare of the Plaintiff, Michelle Bilyeu, in the following respects:

a.    Misdiagnosing the Plaintiff's signs and symptoms of a damaged left ureter;

b.    Failing to diagnose hydronephrosis and loss of kidney function;

c.    Failing to properly diagnose Plaintiff's condition and disease, particularly after Michelle continued to return with complaints consistent with post-operative complications;

d.    Failing to timely recommend a cystoscopy;

e.    Failing to recommend appropriate care and treatment, including appropriate surgical procedures and consultations;

f.    Failing to properly diagnose and treat Plaintiff's postoperative condition and ignoring the complaints of the Plaintiff allowing the Plaintiff to suffer from an iatrogenic injury to her left ureter causing more and extensive damage to Plaintiff's bladder and kidney;

g.    Failing to properly and appropriately recommend and treat Plaintiff's postoperative condition and obstruction by delaying a surgical consult;

h.    Failing to offer any timely recommendations, care and treatment regarding the damaged left ureter after surgery;

i.    Causing the inordinate delay of the diagnosis of Michelle Bilyeu's postoperative condition, during which period of delay, the condition worsened with concomitant loss of chance of cure and an increase in the risk of harm and morbidity;

j.    Failing to appropriately monitor the Plaintiff's post-operative condition to detect surgical complications in a timely manner;

k.    Failing to recognize, diagnose, appreciate and

22

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

treat Plaintiff's injuries and damages to her left ureter;

l.   Inappropriately prescribing antibiotics and pain medication instead of treatment necessary to address the obstructed left ureter;

m.   Failing to perform or recommend any diagnostic tests or blood studies to diagnose Plaintiff's damaged left ureter and/or complaints of pain and difficulty with urinating;

n.   Failing to personally keep informed of current medical and scientific recommendations and requirements, scientific diagnostic tests, and studies and medical literature concerning diagnosis and treatment for patients with an obstructed or damaged ureter;

o.   Failing to timely diagnose and properly refer the Plaintiff to the appropriate medical specialist based upon the past surgical history and post surgical complaints;

p.   Causing the Plaintiff to suffer from left hydronephrosis;

q.   Causing the Plaintiff to suffer from an obstructed left ureter;

r.   Failing to request a surgical consult or urology consult when the Defendant knew or should have known that extensive damage had occurred to the Plaintiff's left ureter;

s.   Failing to appropriately supervise and monitor the providers treating the Plaintiff post-operatively so that complications and injuries would be detected; and

t.   Failing to observe, examine and treat the Plaintiff by failing to note the extensive damage to the ureter and delaying the institution of modalities to repair and prevent further damage to the Plaintiff, including her left kidney and bladder.

67. The injuries and damages sustained by the Plaintiff, as set forth herein, were the proximate and reasonably foreseeable result of the aforesaid negligence and carelessness of the Defendant, William Haug, III, D.O., individually, jointly and severally.

WHEREFORE, the Plaintiff demands judgment against the Defendants, independently, jointly and severally for damages due to their individual and combined negligence and carelessness in an amount in excess of Fifty thousand dollars ($50,000.00), plus costs, interest and whatever damages this Honorable Court deems just.

**COUNT IV**
**MICHELLE BILYEU v. COMMUNITY HEALTH AND DENTAL CARE, INC.**

68. Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through sixty-seven (67) of the foregoing as if fully set forth herein.

69. The negligence and carelessness of the Defendant, Community Health and Dental Care, Inc., is direct and vicarious and is based upon principles of corporate negligence and other liability and consists of one or more of the following:

      a.    Failing to adopt, implement and enforce policies and procedures to prevent and recognize ureteral injuries;

      b.    Failing to adopt, implement and enforce policies and procedures to ensure proper and appropriate postoperative monitoring of patients was being

24

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

performed to identify ureteral injuries and
postoperative complications;

c.  Failing to adopt and establish quality control
    and quality control policies, procedures and
    guidelines for surgical patients to increase the
    likelihood of success of the proposed surgeries;

d.  Failing to require adequate medical histories to
    be taken including but not limited to the past
    medical treatment and surgical procedures
    undergone by a patient to determine whether a
    patient was suffering an injury from a
    laparoscopic surgery;

e.  Failing to adequately screen its agents,
    employees and/or sub-contractors to ensure that
    they were properly trained to provide the medical
    care and treatment provided to its patients;

f.  Failing to properly oversee and supervise its
    physicians when recommending treatment after a
    laparoscopic hysterectomy;

g.  Failing to make sure that its physicians were
    properly trained and informed to recommend
    consultations after a laparoscopic hysterectomy;

h.  Failing to properly oversee its agents and
    employees when monitoring patients post-
    operatively to ensure that complications were
    being recognized and treated; and

i.  Failing to have adequately trained consultants
    for its patients.

70.  The injuries and damages sustained by the Plaintiff,
as set forth herein, were the proximate and reasonably
foreseeable result of the aforesaid negligence and carelessness
of the Defendant, Community Health and Dental, individually,
jointly and severally.

WHEREFORE, the Plaintiff demands judgment against the

25

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Defendants, independently, jointly and severally for damages due to their individual and combined negligence and carelessness in an amount in excess of Fifty thousand dollars ($50,000.00), plus costs, interest and whatever damages this Honorable Court deems just.

**COUNT V**
**MICHELLE BILYEU v. POTTSTOWN HOSPITAL COMPANY, LLC d/b/a POTTSTOWN MEMORIAL MEDICAL CENTER**

71.   Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through seventy (70) of the foregoing as if fully set forth herein.

72.   The Defendant, Pottstown Memorial Medical Center, was the employer, contractor or principal of the Defendants, Lori Lorant-Tobias, D.O. and Tamara Cook, PA-C.

73.   The negligence and carelessness of the Defendant, Pottstown Memorial Medical Center, is both direct and vicarious and is based upon principles of agency and respondeat superior, and consists of one or more of the following by or through its agents, servants, ostensible agents and employees:

   a.   Failing to adopt, implement and enforce policies and procedures to prevent and recognize ureteral injuries;

   b.   Failing to adopt, implement and enforce policies and procedures to ensure proper and appropriate postoperative monitoring of patients was being performed to identify ureteral injuries and postoperative complications;

   c.   Failing to adopt and establish quality control

26

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

and quality control policies, procedures and
guidelines for surgical patients to increase the
likelihood of success of the proposed surgeries;

d.   Failing to require adequate medical histories to
be taken including but not limited to the past
medical treatment and surgical procedures
undergone by a patient to determine whether a
patient was suffering an injury from a
laparoscopic surgery;

e.   Failing to adequately screen its agents,
employees and/or sub-contractors to ensure that
they were properly trained to provide the medical
care and treatment provided to its patients;

f.   Failing to properly oversee and supervise its
physicians when recommending treatment after a
laparoscopic hysterectomy;

g.   Failing to make sure that its physicians were
properly trained and informed to recommend
consultations after a laparoscopic hysterectomy;

h.   Failing to properly oversee its agents and
employees when monitoring patients post-
operatively to ensure that complications were
being recognized and treated; and

i.   Failing to have adequately trained consultants
for its patients.

74.   The injuries and damages sustained by the Plaintiff,
as set forth herein, were the proximate and reasonably
foreseeable result of the aforesaid negligence and carelessness
of the Defendant, Pottstown Memorial Medical Center,
individually, jointly and severally.

WHEREFORE, the Plaintiff demands judgment against the
Defendants, independently, jointly and severally for damages due
to their individual and combined negligence and carelessness in

27

an amount in excess of Fifty thousand dollars ($50,000.00), plus costs, interest and whatever damages this Honorable Court deems just.

## COUNT VI
## MICHELLE BILYEU v. TAMARA COOK, PA-C

75.   Plaintiff incorporates herein by reference the averments contained in paragraphs one (1) through seventy-four (74) of the foregoing as if fully set forth herein.

76.   While Plaintiff, Michelle Bilyeu, was under the care, custody and control of the Defendant, Tamara Cook, PA-C, the Defendant, Tamara Cook, PA-C, acted negligently, carelessly and unskillfully in disregard for the health, safety and general welfare of the Plaintiff, Michelle Bilyeu, in the following respects:

a.   Failing to perform an adequate examination upon Ms. Bilyeu to diagnose hydronephrosis and loss of kidney function;

b.   Failing to properly diagnose Plaintiff's condition and disease, particularly after a suture was placed outside of the uterine cavity;

c.   Failing to recommend an appropriate consultation;

d.   Failing to properly perform appropriate and recommended testing such as a urinalysis, cystoscopy and/or a CT Scan;

e.   Failing to recommend appropriate care and treatment, including appropriate surgical consultations;

f.   Failing to properly diagnose and treat

28

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

Plaintiff's postoperative condition and ignoring the complaints of the Plaintiff allowing the Plaintiff to suffer from an iatrogenic injury to her left ureter causing more and extensive damage to Plaintiff's bladder and kidney;

g.   Failing to properly and appropriately recommend and treat Plaintiff's postoperative condition by recommending a surgical and/or urology consult;

h.   Failing to offer any recommendations, care and treatment for the obstructed left ureter;

i.   Causing the inordinate delay of the diagnosis of Michelle Bilyeu's postoperative condition, during which period of delay, the condition worsened with concomitant loss of chance of cure and an increase in the risk of harm and morbidity;

j.   Failing to recognize, diagnose, appreciate and treat Plaintiff's injuries and damages to her left ureter;

k.   Failing to recognize, diagnose and appreciate the extent of the damage causing an increase in harm and morbidity by allowing urine to collect in the left kidney and distal left ureter;

l.   Failing to provide appropriate antibiotics;

m.   Failing to personally keep informed of current medical and scientific recommendations and requirements, scientific diagnostic tests, and studies and medical literature concerning diagnosis and treatment for patients with an obstructed ureter;

n.   Failing to timely diagnose and properly refer the Plaintiff to the appropriate medical specialist based upon the past surgical history and post-surgical complaints;

o.   Failing to appropriately supervise and monitor the providers treating the Plaintiff post-operatively so that complications and injuries would be detected;

29

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

p.   Failing to observe, examine and treat the
     Plaintiff by failing to note the extensive damage
     to the ureter and delaying the institution of
     modalities to repair and prevent further damage
     to the Plaintiff, including her left kidney;

q.   Failing to properly and accurately report the
     signs, symptoms, and test results to a
     supervising physician.

77.   The injuries and damages sustained by the Plaintiff,

Michelle Bilyeu, as set forth herein, were a proximate and

reasonably foreseeable result of the aforesaid negligence,

carelessness and unskillfulness of the Defendant, Tamara Cook,

PA-C, individually, jointly and severally.

WHEREFORE, the Plaintiff demands judgment against the

Defendants, jointly, severally and independently, for damages

due to their individual and combined negligence and carelessness

in an amount in excess of Fifty thousand dollars ($50,000.00),

plus costs, interest and whatever damages this Honorable Court

deems just.

## COUNT VII
## MICHELLE BILYEU v. LORI LORANT-TOBIAS, D.O.

78.   Plaintiff incorporates herein by reference the

averments contained in paragraphs one (1) through seventy-seven

(77) of the foregoing as if fully set forth herein.

79.   While Plaintiff, Michelle Bilyeu, was under the care,

custody and control of the Defendant, Lori Lorant-Tobias, D.O.,

the Defendant, Lori Lorant-Tobias, D.O., acted negligently,

carelessly and unskillfully in disregard for the health, safety and general welfare of the Plaintiff, Michelle Bilyeu, in the following respects:

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

a. Failing to perform an adequate examination upon Ms. Bilyeu to diagnose hydronephrosis and loss of kidney function;

b. Failing to properly diagnose Plaintiff's condition and disease, particularly after a suture was placed outside of the uterine cavity;

c. Failing to recommend an appropriate consultation;

d. Failing to properly perform appropriate and recommended testing such as a urinalysis, cystoscopy and/or a CT Scan;

e. Failing to recommend appropriate care and treatment, including appropriate surgical consultations;

f. Failing to properly diagnose and treat Plaintiff's postoperative condition and ignoring the complaints of the Plaintiff allowing the Plaintiff to suffer from an iatrogenic injury to her left ureter causing more and extensive damage to Plaintiff's bladder and kidney;

g. Failing to properly and appropriately recommend and treat Plaintiff's postoperative condition by recommending a surgical and/or urology consult;

h. Failing to offer any recommendations, care and treatment for the obstructed left ureter;

i. Causing the inordinate delay of the diagnosis of Michelle Bilyeu's postoperative condition, during which period of delay, the condition worsened with concomitant loss of chance of cure and an increase in the risk of harm and morbidity;

j. Failing to recognize, diagnose, appreciate and treat Plaintiff's injuries and damages to her

31

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

left ureter;

k.   Failing to recognize, diagnose and appreciate the
     extent of the damage causing an increase in harm
     and morbidity by allowing urine to collect in the
     left kidney and distal left ureter;

l.   Failing to provide appropriate antibiotics;

m.   Failing to personally keep informed of current
     medical and scientific recommendations and
     requirements, scientific diagnostic tests, and
     studies and medical literature concerning
     diagnosis and treatment for patients with an
     obstructed ureter;

n.   Failing to timely diagnose and properly refer the
     Plaintiff to the appropriate medical specialist
     based upon the past surgical history and post-
     surgical complaints;

o.   Failing to appropriately supervise and monitor
     the providers treating the Plaintiff post-
     operatively so that complications and injuries
     would be detected;

p.   Failing to observe, examine and treat the
     Plaintiff by failing to note the extensive damage
     to the ureter and delaying the institution of
     modalities to repair and prevent further damage
     to the Plaintiff, including her left kidney; and

q.   Failing to properly supervise the Physician
     Assistants.

80.   The injuries and damages sustained by the Plaintiff,

Michelle Bilyeu, as set forth herein, were a proximate and

reasonably foreseeable result of the aforesaid negligence,

carelessness and unskillfulness of the Defendant, Lori Lorant-

Tobias, D.O., individually, jointly and severally.

WHEREFORE, the Plaintiff demands judgment against the

Defendants, jointly, severally and independently, for damages due to their individual and combined negligence and carelessness in an amount in excess of Fifty thousand dollars ($50,000.00), plus costs, interest and whatever damages this Honorable Court deems just.

Respectfully submitted,

McCARTHY & McCARTHY, P.C.

JAMES J. McCARTHY, ESQUIRE
Attorney for Plaintiff,
Michelle Billyeu

33

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

21,045

## VERIFICATION

Michelle Bilyeu, hereby states that she is a Plaintiff in this action and verifies that the statements made in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. No. 4904 relating to unsworn falsification to authorities.


BY: _Michelle C Bilyeu_
MICHELLE BILYEU

DATE:

Case# 2016-20840-17 Docketed at Montgomery County Prothonotary on 10/24/2016 10:13 PM, Fee = $0.00

# Exhibit 2

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

McCARTHY & McCARTHY, P.C.                              21,045
BY:  James J. McCarthy, Esquire
Identification No. 68891
10 East Sixth Avenue, Suite 315          Attorney for Plaintiff,
CONSHOHOCKEN, PA  19428                   Michelle Bilyeu

| | | |
|---|---|---|
| MICHELLE C. BILYEU | : | COURT OF COMMON PLEAS |
| 615 Woodland Drive | : | MONTGOMERY COUNTY |
| Pottstown, PA 19464 | : | |
| v. | : | NO. 16-25875 |
| | : | |
| PHOENIXVILLE HOSPITAL COMPANY, LLC. | : | |
| d/b/a PHOENIXVILLE HOSPITAL | : | |
| 140 Nutt Road | : | |
| Phoenixville, PA 19460          and | : | |
| | : | |
| JACEK Z. OBARA, M.D. | : | |
| 11 Robinson Street, Suite 100 | : | MAJOR JURY TRIAL |
| Pottstown, PA 19464 | : | TWELVE JURORS DEMANDED |

## AMENDED CIVIL ACTION
## MEDICAL PROFESSIONAL LIABILITY ACTION

1.    The Plaintiff, Michelle Bilyeu (also referred to as
"Ms. Bilyeu" or "Michelle"), is an adult individual, citizen and
resident of the Commonwealth of Pennsylvania, residing at 615
Woodland Drive, Pottstown, Pennsylvania 19464.

2.    The Defendant, Jacek Z. Obara, M.D. (also referred to
as "Dr. Obara") was at all times relevant hereto, a physician
duly licensed to practice medicine in the Commonwealth of
Pennsylvania, specializing in family medicine, with professional
offices located at 11 Robinson Street, Suite 100, Pottstown,
Pennsylvania.  At all times relevant hereto, the Defendant, Dr.
Obara was the employee, agent, workman, and/or servant of
Community Health and Dental, Inc.  The Plaintiff is making a

1

professional liability claim against this Defendant.

3.      The Defendant, Phoenixville Hospital Company, LLC
d/b/a Phoenixville Hospital (also referred to as "Phoenixville
Hospital"), is a partnership, corporation and/or other legal
entity organized and existing under the laws of the Commonwealth
of Pennsylvania, and at all times relevant hereto owned,
controlled and/or had the right to control its agents,
subsidiaries, servants and/or employees, including but not
limited to Waleed Shalaby, M.D and the surgical assistant,
Tirado, and therefore has legal liability and responsibility
under the laws of the Commonwealth of Pennsylvania.
Phoenixville Hospital, regularly conducts business at 140 Nutt
Road, Phoenixville, Pennsylvania 19460.  The Plaintiff is making
a professional liability claim against this Defendant.

4.      The Defendants accepted the responsibility of
providing appropriate and adequate medical care to Plaintiff,
Michelle Bilyeu, in accordance with the prevailing standard of
medical practice for their particular field of expertise and/or
training.

5.      At all times material hereto, there existed a
physician-patient relationship between the Defendants and the
Plaintiff, Michelle Bilyeu, which created a duty of care.

6.      At all times relevant hereto, the Defendant,
Phoenixville Hospital Company, LLC, d/b/a Phoenixville Hospital

2

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

was vicariously liable for the negligent acts and omissions of its employees, agents, ostensible or otherwise, servants, shareholders and/or subsidiaries or the employees, agents, ostensible or otherwise, servants or shareholders of its subsidiaries, including Waleed Shalaby, M.D. and the surgical assistant, Tirado.

7.   At all times while the Plaintiff was in the operating room and in preparation for surgery on October 27, 2014, Dr. Shalaby was the "Captain of the Ship" and was responsible for the patient's wellbeing and any negligence committed by the staff in the operating room.

8.   At all times relevant hereto, Defendant, Phoenixville Hospital Company, LLC, had legal liability and responsibility pursuant to the decision of the Supreme Court of Pennsylvania in Thompson v. Nason, 527 Pa. 330, 591 A.2d 703 (1991) and specifically has legal liability and responsibility for the negligence and the failure to act in accordance with its non-delegable corporate duties to all patients, including Michelle Bilyeu, including:

        a.   A duty to use reasonable care in the maintenance
             of safe and adequate facilities and equipment;

        b.   A duty to select and retain only competent
             physicians, nurses and others;

        c.   A duty to oversee all persons who practice
             medicine and health care within its walls and as
             to patient care; and

3

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

    d.   A duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for patients.

As a direct result of the Defendant, Phoenixville Hospital's failure to meet its non-delegable duty to ensure quality care, Michelle Bilyeu was subjected to negligent surgical treatment resulting in injuries to her ureter, kidney and bladder.

9.  On September 25, 2014, Michelle Bilyeu was seen by Waleed Shalaby, M.D., for a consultation concerning atypical endometrial hyperplasia.  Michelle had a surgical history which included tubal ligation, gastric bypass and right salpingectomy. Dr. Shalaby recommended a hysterectomy.

10.  On October 27, 2014, Waleed Shalaby, M.D. attempted a robotic assisted laparoscopic hysterectomy upon Michelle Bilyeu at the Defendant, Phoenixville Hospital.  The operating room staff including nurses, surgical assistants and residents were agents, employees, and/or servants of the Defendant, Phoenixville Hospital.

11.  Waleed Shalaby, M.D., removed the uterus and cervix through the vagina.

12.  Waleed Shalaby, M.D., used stitches of Vicryl to close the vaginal cuff.  Dr. Shalaby failed to identify the left ureter when suturing causing an obstruction of the left ureter.

13.  Post-operatively, Michelle had pain.  Michelle was

4

prescribed hydromorphine, a pain medication.

14.   On November 4, 2014, Michele was prescribed hydrocodone for pain.

15.   On November 19, 2014, Michelle was seen by a hematologist.  The hematologist reported pain and an ache in the lower abdomen.  Michelle told the hematologist she had pain in her sides, pain in the abdomen, pressure in the abdomen, felt worse than before the hysterectomy and she was having problems urinating.  The hematologist told Michelle to go to see Dr. Haug.

16.   On November 21, 2014, Michele was seen by her family physician, Dr. Haug.  Michelle reported pain and pressure in her lower abdomen, pain in her sides, felt worse than before the hysterectomy and was having problems urinating.  Michele was complaining of discomfort from hysterectomy.  Michelle was prescribed oxycodone for pain.

17.   On December 4, 2014, Michelle was seen by Dr. Shalaby. Dr. Shalaby failed to recognize a problem with her damaged ureter.  Michelle complained of pain in her abdomen, pain in her sides, bloating, and pain and difficulty when urinating.  Waleed Shalaby, M.D. did not order any tests or make any treatment recommendations or consultations regarding the injured left ureter.  Thereafter, Waleed Shalaby, M.D. discharged the Plaintiff and was unavailable to provide any follow-up

5

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

observations and care and treatment for the Plaintiff.  Dr.
Shalaby diagnosed a yeast infection and prescribed
sulfamethoxazole.

18.  On December 15, 2014, Michele returned to see Dr.
Haug.  Michele continued to complain of back pain, pain on both
sides, pain and pressure in her lower abdomen and difficulty
while urinating.  Dr. Haug refilled the prescription for
oxycodone.

19.  On December 29, 2014, Michele returned to see Dr.
Haug.  Michele complained of continued back and side pain, and
pain and pressure in her abdomen which was getting worse.  Dr.
Haug refilled the prescription for oxycodone.  Michelle
continued to complain of difficulty urinating.

20.  On January 5, 2015, Michelle went to the Emergency
Department at Pottstown Memorial Medical Center.  Michelle
reported continued pain since the hysterectomy.  Michelle
complained of pain on her sides, pain and pressure in her
abdomen and difficulty urinating.  Michelle was diagnosed with
the flu and a UTI.  The providers failed to consider an injury
from the hysterectomy was causing the Plaintiff's condition.

21.  At Pottstown Memorial Medical Center, the Plaintiff
had a blood test done which indicated a problem with her kidney.
The providers failed to provide any treatment or referrals

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

6

concerning her injured left ureter.  Rather, Michelle was

prescribed Ciprofloxacin and oxycodone for pain.

22.  On January 7, 2015, Michelle was seen by the

Defendant, Jacek Z. Obara, M.D., a family physician at Community

Health and Dental, Inc.  Once again, the Plaintiff's complaints

of abdominal pain and flank pain were treated only with more

pain medication.  Michelle was given a prescription for

Levofloxacin.

23.  On January 20, 2015, Michelle was referred to a

urologist.  The urologist immediately sent Michelle to Pottstown

Memorial Medical Center to be admitted.

24.  On January 20, 2015, Michelle continued to have flank

pain and was admitted for pyelonephritis.  A CT Scan indicated

left hydronephrosis and hydroureter.  A possible left distal

ureteral stricture was considered as the cause.

25.  On January 20, 2015, a left uteroscopy was done.

Michelle had a high grade ureteral obstruction consistent with

an extrinsic suture tenting and obstructing the ureter.  Prior

to January 20, 2015, Michelle did not know that the negligently

placed suture was the cause of her problems.

26.  On January 21, 2015, an attempt to place a stent in

the left ureter was difficult due to the extrinsic suture.

During the attempt, the ureter was perforated.  A second attempt

was successful.

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00

27. On February 18, 2015, Michelle underwent a left nephrostomy tube placement.

28. On April 21, 2015, Michelle underwent left ureteral reconstruction surgery.

29. The left ureteral obstruction caused a significant loss of the function of the left kidney.

30. The left ureteral obstruction caused significant bladder pain; among other things.

31. Michelle has continued to treat with a nephrologist for pain and discomfort in her abdomen.

32. Ms. Bilyeu continues to receive treatment for her abdominal pain and likely will undergo additional treatment, including surgery, to alleviate her pain.

33. As a direct result of the negligence and carelessness of the Defendants, the Plaintiff, Michelle Bilyeu, has suffered an increased risk of harm, including the risk of losing her left kidney, decreased kidney function, and interstitial cystitis.

34. The Defendants failed to appropriately diagnose and timely treat Plaintiff's condition which was being caused by a suture involving the left ureter.

35. As a direct result of the negligence and carelessness of the Defendants, as stated more fully herein, Plaintiff sustained permanent injuries, including an obstructed ureter, decreased kidney function, hydronephrosis, hydroureter, and

8

Case# 2016-25875-18 Docketed at Montgomery County Prothonotary on 02/16/2017 3:54 PM, Fee = $0.00