# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE BILYEU, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHOENIXVILLE HOSPITAL | : | |
| COMPANY, LLC, et al., | : | No. 17-1456 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                        **June 14, 2017**

Michelle Bilyeu filed this lawsuit in the Montgomery County Court of Common Pleas for medical malpractice against various Defendants, including William Haug, III, D.O. ("Dr. Haug"), Jacek Z. Obara, M.D. ("Dr. Obara"), and Community Health and Dental Care, Inc. ("CHDC"). CHDC, Dr. Obara, and Dr. Haug are employees of the Public Health Service and therefore covered by the Federal Tort Claims Act ("FTCA"). Under the FTCA, the United States is the only proper defendant for personal injury cases resulting from the performance of medical services. Thus, the Court will grant the motion to dismiss Dr. Obara, Dr. Haug, and CHDC, and substitute the United States for those Defendants. Because Bilyeu has failed to commence, let alone exhaust, administrative remedies, the Court will also dismiss the claims against the United States for lack of subject matter jurisdiction. Finally, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and will remand the case back to the Court of Common Pleas.

## I. BACKGROUND

Bilyeu used CHDC as her primary care doctor's office, with Dr. Obara and Dr. Haug as her primary care physicians. (Mem. Supp. Pl.'s Resp. Mot. Dismiss [hereinafter Pl.'s Resp.] 1–2.) On October 27, 2014, Bilyeu suffered complications from a hysterectomy performed at a different facility, resulting in severe abdominal pain and loss of kidney function. (*Id.*) Bilyeu went to CHDC after the pain continued, where Drs. Obara and Haug allegedly failed to diagnose an obstructed left ureter resulting from the hysterectomy. (*Id.*)

On August 26, 2016, Bilyeu filed a writ of summons against CHDC, Dr. Haug, and five other defendants in the Montgomery County Court of Common Pleas, alleging medical malpractice. (*Id.* at 4.) On October 26, 2016, Bilyeu filed a similar writ of summons against Dr. Obara and an additional defendant. (*Id.* at 5.) The Court of Common Pleas consolidated the two cases on March 10, 2017. Bilyeu has not filed an administrative claim with the appropriate administrative agency: the Department of Health and Human Services ("HHS"). (Mem. Supp. U.S.' Mot. Dismiss [hereinafter U.S.' Mot.] Exs. B & C.)

The United States filed a notice of removal on behalf of CHDC and Drs. Haug and Obara under 42 U.S.C. § 233. The United States then filed a motion to dismiss certain defendants, substitute the United States, and dismiss the United States for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court must decide whether to treat the challenge as a facial or factual attack. *Constitution Party of Pa. v. Aichele*, 757, F.3d 347, 357 (3d Cir. 2014). If the movant alleges the complaint on its face fails to establish subject matter jurisdiction, the court treats the challenge as

facial and must accept as true all factual allegations alleged in the complaint. *Mortenson v. First Fed. Sac. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Factual attacks, however, allow the court to delve beyond the pleadings to determine if the evidence supports the court's subject matter jurisdiction. *Id.*

## III. DISCUSSION

### A. Substitution of the United States

Bilyeu failed to address the argument that CHDC and Drs. Haug and Obara must be dismissed and the United States substituted as a defendant. (Pl.'s Resp.) Claims involving personal injuries arising out of medical care provided by employees of the United States Public Health Service must be filed against the United States under the FTCA. 42 U.S.C. § 233(a). CHDC is an employee of the United States Public Health Service, as are Drs. Haug and Obara by virtue of their employment with CHDC. (U.S.' Mot. Ex. A.) Therefore, CHDC, Dr. Haug, and Dr. Obara are dismissed and the United States is substituted as the sole federal defendant.

### B. Exhaustion of Administrative Remedies

Before a court can entertain a lawsuit for damages under the Federal Tort Claims Act, the plaintiff must first present the claim in writing to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). Next, the agency must "make final disposition" of the claim, which includes an agency's failure to take any action on the claim for six months. 28 U.S.C. § 2675(a). Plaintiff then has six months from notice of the final denial to sue the United States. § 2401(b). "The final denial requirement is jurisdictional and cannot be waived." *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009) (quotation omitted). The relevant government agency in this case is HHS. *See, e.g.*, *Huertero v. United States*, 601 F.

App'x 169, 170 (3d Cir. 2015) (indicating on similar facts that the "appropriate federal agency" was HHS).

The United States has presented both a factual and a facial challenge to subject matter jurisdiction. The United States argues that Bilyeu not only failed to exhaust her administrative remedies because she never filed a claim with HHS, but also that she failed to allege as much in her state court complaint. (U.S.' Mot. 4, Exs. B, C, D, & E.) Bilyeu responds with an appeal to *Santos ex rel. Beato v. United States*, 559 F.3d 189 (3d Cir. 2009), contending that "a timely filing of a claim subject to the [FTCA] . . . in state court was deemed a timely filing to the appropriate federal administrative agency." (Pl.'s Resp. 6.) She further argues that filing the state court case put the "appropriate administrative agency . . . on notice of a tort claim." (*Id.* at 8.) Bilyeu failed to mention that the plaintiff in *Santos* did, in fact, file an administrative claim with HHS, whereas Bilyeu has not. *Santos*, 559 F.3d at 192. Even assuming the dubious contention that HHS had notice of Bilyeu's claim via a state court lawsuit, notice to the agency is insufficient; Bilyeu must present in writing the proper administrative claim with the appropriate administrative agency. 28 U.S.C. § 2401(b). A claim cannot be denied if it does not exist. Because final denial of a claim is jurisdictional, Bilyeu's case against the United States must be dismissed. *See Lightfoot*, 564 F.3d at 627. Unless and until Bilyeu files an administrative claim and HHS finally denies that claim, this Court does not have jurisdiction over the matter.[1]

---

[1] Congress provides a savings clause for timely lawsuits dismissed for failure to exhaust administrative remedies. 28 U.S.C. § 2679(d)(5). A party may file an administrative claim after their civil lawsuit has been dismissed if "the claim would have been timely had it been filed on the date the underlying civil action was commenced" and "the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." *Id.* If both criteria are satisfied, the administrative claim is treated as timely for the purposes of § 2401. *Id.* The United States contends that § 2679(d)(5) is not available to Bilyeu because the savings clause only applies when the United States is substituted as a defendant under § 2679; here, the United States was substituted pursuant to 42 U.S.C. § 233(a). (Reply Br. Supp. U.S.' Mot. Dismiss 4

4

### C. Jurisdiction and Remand

This Court has original jurisdiction over the claims involving the United States pursuant to 28 U.S.C. § 1346(b) and supplemental jurisdiction over the remaining state law claims involving the other six defendants pursuant to 28 U.S.C. § 1367(a). Under § 1367(c)(3), the district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." Because the Court has dismissed the United States, the sole federal defendant, it declines to exercise supplemental jurisdiction and the case is remanded.

### IV. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is granted and the case is remanded. An Order consistent with this Memorandum will be docketed separately.

---

n.3.) Because this matter is not properly before the Court as Bilyeu has yet to file an administrative claim, the Court declines to rule on this issue.